UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT SHIPLEY | CIVIL ACTION |
| VERSUS | NO. 06-8804 |
| LEXINGTON INSURANCE COMPANY | SECTION "L" (4) |

### ORDER & REASONS

Before the Court is Lexington Insurance Company's Motion for Partial Summary Judgment (Rec. Doc. 12) on the Plaintiff's claims under Louisiana's Valued Policy Law ("VPL"), La. Rev. Stat. Ann. § 22:695. The Court heard oral argument and took this motion under submission. For the following reasons, Lexington's motion is now DENIED.

I.   BACKGROUND

This case arises from a dispute regarding insurance coverage for Plaintiff's home, located at 8012 Breakwater Drive in New Orleans, Louisiana, which was damaged during Hurricane Katrina. The Plaintiff's home was a two-story boat house situated on piers over the shore of Lake Pontchartrain, outside the levee systems. The Defendant in this case is Lexington Insurance Company, the Plaintiff's homeowner's insurance carrier. The Plaintiff's homeowner's policy is a "valued policy," with a face value of $290,000. To date, the Plaintiff has received approximately $185,000 from Lexington under his homeowner's policy, and has also received payments under his Standard Flood Insurance Policy, issued pursuant to the National Flood

1

Insurance Program.[1]  In this case, the Plaintiff contends that his home is a total loss and seeks the face value of his homeowner's policy from Lexington (reduced by any amounts already paid under that policy to date).  Lexington now moves for partial summary judgment on the Plaintiff's claim under the Louisiana VPL.

## II.     LAW & ANALYSIS

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56.  When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion."  *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004).  If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

In the instant motion, Lexington asks this Court to follow the recent decision from the United States Court of Appeals for the Fifth Circuit in *Chauvin v. State Farm Fire & Casualty Co.*, ___ F.3d ___, 2007 WL 2230724 (Aug. 6, 2007), which affirmed dismissal of claims under the Louisiana VPL.  In *Chauvin*, the Fifth Circuit held that "the VPL only requires an insurer to pay the agreed face value of the insured property if the property is rendered a total loss from a covered peril."  *Id.* at *4.  Lexington contends that the Plaintiff's home is not a total loss, and

---

[1] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

thus that the VPL is not triggered in this case.  Alternatively, Lexington argues that an excluded peril, namely flood waters, at least partially contributed to the loss of the Plaintiff's home, and therefore that under *Chauvin*, it is not required to pay the agreed face value pursuant to the VPL.

The Plaintiff asks the Court to follow a more recent decision by the Louisiana Third Circuit Court of Appeal in *Landry v. Louisiana Citizens Property Insurance Co.*, ___ So. 2d ___, 2007 WL 2416107 (La. App. 3 Cir. 8/27/07), which held that a plaintiff is entitled to the agreed face value under the Louisiana VPL upon a showing that a covered peril (namely wind) was the "efficient or proximate" cause of the total loss.  In *Landry*, the court held that the fact that an excluded peril (such as flood waters) may have contributed in part to a total loss is not determinative of whether the VPL is triggered.  In the instant case, the Plaintiff argues that factual disputes concerning the cause of his damage, and thus whether or not the VPL is triggered, should preclude summary judgment.

The Court is not convinced that *Chauvin* and *Landry* are at odds.  In *Chauvin*, the plaintiffs argued that the VPL is triggered so long as a covered peril causes *some* damage to the property, no matter how small.  *Chauvin*, 2007 WL 2230724, at *1 & n.4 (emphasis added). Both the district court and the Fifth Circuit found that, as a matter of law, such a construction of the VPL would lead to absurd results, and this Court agrees.  However, *Chauvin* did not address what level of proof would be sufficient to trigger the VPL.  *Landry* tackles that issue head on, and concludes that the VPL is triggered upon "a factual determination . . . that the covered peril was the 'efficient or proximate cause' of [a] total loss."  *Landry*, 2007 WL 2416107, at *13. This conclusion does not appear to conflict with the holding of *Chauvin*.  But regardless, the Court need not delve further into these two cases at this time, as summary judgment is

3

inappropriate in the instant case in light of factual disputes concerning (1) whether the Plaintiff's home is a "total loss," and (2) if so, whether a covered peril was the "efficient or proximate" cause of the total loss.

## III.    CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that the Defendant's Motion for Partial Summary Judgment (Rec. Doc. 12) is DENIED.

New Orleans, Louisiana, this __25th__ day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE